UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

DeJuan Haywood Haggins,

                Plaintiff,                    Court File No. 15-cv-59 (DWF/LIB)

     v.

                                  **REPORT AND RECOMMENDATION**

Ramsey County, et al.,

                Defendants.

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636(b)(1)(A), and upon Defendants' Motion to Dismiss for Lack of Jurisdiction, [Docket No. 26].

For the reasons set forth below, the Court recommends that Defendants' Motion to Dismiss for Lack of Jurisdiction, [Docket No. 26], be **GRANTED in part** and **DENIED in part**, and that Plaintiff's claims against Defendant Sontoya be dismissed without prejudice.

## I.    BACKGROUND

Plaintiff DeJuan Haywood Haggins ("Plaintiff") initiated the present case on or about January 12, 2015, by filing his Complaint, [Docket Nos. 1, 2][1], and his Application to Proceed in District Court without Prepaying Fees or Costs, [Docket No. 3].

In his original Complaint, Plaintiff named as Defendants Ramsey County, and five Ramsey County corrections officers, namely: Corrections Officer Scott Brommerich ("Defendant Brommerich"), Corrections Officer Whipps ("Defendant Whipps"), Corrections Officer Renteria

---

[1]Plaintiff's original Complaint is contained in two docket entries, namely 1) a docket entry titled Complaint, [Docket No. 1], which consists of a "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" form that Plaintiff filled out; and 2) a docket entry titled Memorandum, [Docket No. 2], which consists of eleven handwritten pages containing Plaintiff's handwritten factual allegations, Plaintiff's asserted legal basis for his suit; and Plaintiff's prayer for relief.

("Defendant Renteria"), Corrections Officer Frerichs ("Defendant Frerichs"), and Sergeant Sontoya ("Defendant Sontoya").[2]  Plaintiff alleged that the individual Defendants assaulted him while he has being temporarily held in the Ramsey County Jail on February 9, 2009, awaiting arraignment. (Memorandum, [Docket No. 2]). Against the individual Defendants, Plaintiff alleged "all applicable civil rights violation claims . . . [i]ncluding 8th Amendment and 4th Amendment violations[.]" (Id. at 11).  Against Defendant Ramsey County, Plaintiff alleged a single claim, asserting that Defendant Ramsey County was vicariously liable as an employer for the acts of the individual defendants. (Id.). Finally, Plaintiff alleged "state tort assault and battery claims[,]" ostensibly against all Defendants. (Id.).

On January 26, 2015, Plaintiff filed an Amended Complaint, [Docket No. 5], which is presently the operative complaint in this case. In his Amended Complaint, [Docket No. 5], Plaintiff named the same Defendants and made nearly identical factual allegations. Compare Memorandum, [Docket No. 2], with Amended Complaint, [Docket No. 5].  However, instead of a separate section identifying the legal basis for his claims against each of the Defendants, Plaintiff included only an introductory sentence following the caption of his Amended Complaint stating "4th and 8th Amendment Complaint/Violations by Defendant as follows[.]"

The Court granted Plaintiff leave to proceed in forma pauperis on February 17, 2015. (Order, [Docket No. 8]), and the Court mailed U.S. Marshals Service forms to Plaintiff.

On April 14, 2015, Plaintiff filed returns of service indicating that the United States Marshals had served Defendant Brommerich, Defendant Frerichs, and Defendant Renteria by leaving summonses and copies of the Amended Complaint with a Corrections Officer Silva at the Ramsey County Adult Detention Center, and that it had served Defendant Ramsey County by

---

[2] Defendant has provided the first name of Defendant Brommerich only. The Defendants have not provided the first names of the remaining individual Defendants.

leaving a summons and a copy of the Amended Complaint with a Bonnie C. Jackson, Chief

Clerk, at an unlisted address.  (Summonses Returned Executed, [Docket No. 15-17]).[3]

On April 22, 2015, Defendant Ramsey County, Defendant Whipps, Defendant Frerichs,

and Defendant Sontoya, filed an Answer, [Docket No. 18], asserting among other affirmative

defenses not pertinent to the present motion that the Court lacks personal jurisdiction over some

of the Defendants and that the Plaintiff had failed to sufficiently serve some Defendants. (Id. at

2).

In July 2015, after determining that Plaintiff had represented that he had served

Defendant Brommerich and Defendant Renteria but that those Defendants had not filed an

answer or otherwise responded to the Amended Complaint, the Court entered an Order, [Docket

No. 25], directing Plaintiff to notify those Defendants of their obligation to file an answer or

otherwise respond to the Amended Complaint.

On July 24, 2015, Defendant Brommerich, Defendant Frerichs, Defendant Renteria,

Defendant Sontoya, and Defendant Whipps  filed the present Motion to Dismiss, [Docket No.

26], asserting Plaintiff had not properly served any of the individual Defendants as required by

Federal Rules of Civil Rules Procedure Rule 4 and, as a result, that the Court lacks personal

jurisdiction over the individual Defendants.

In support of its Motion to Dismiss, [Docket No. 26], Defendants filed a Memorandum,

[Docket No. 27].  In the Memorandum, Defendants represented that they do not challenge the

---

[3] Notably, each of these docket entries contains errors.  Docket entries 15 and 16, are both titled "Summons Returned Executed.  However, the documents that comprise those docket entries indicate that the U.S. Marshal attempting to effect service was actually unable to locate Defendant Sontoya or Defendant Whipps and instead served Corrections Officer Silva at the Ramsey County Adult Detention Center, who indicated that neither Defendant Whipps nor Defendant Sontoya were still employed there.  Docket entry 17 indicates that it is a Summons Returned Executed for Defendant Frerichs.  However, the documents that comprise Docket entry 17 include returns of service for Defendant Frerichs, Defendant Renteria, Defendant Brommerich, and Defendant Ramsey County.

sufficiency of Plaintiff's service on Defendant Ramsey County. (See Id. at 6). Defendants also asserted that, if the Court concludes that Plaintiff has sufficiently served the individual Defendants, that the Court should deem the Answer to the Amended Complaint filed by Defendant Ramsey County, Defendant Frerichs, Defendant Sontoya, and Defendant Whipps, as constituting the answer of each of the individual Defendants. (Id. at 6-7).

On August 26, 2015, Plaintiff filed a memorandum in opposition to the motion to dismiss. (Plf's Memorandum, [Docket No. 35]). As relevant to the present motion, Plaintiff asked the Court to grant him an extension of time to serve the individual Defendants. (Id. at 12).

On September 3, 2015, Defendants filed a Reply, [Docket No. 36], asserting that the Court should dismiss Plaintiff's claims against the individual Defendants for lack of personal jurisdiction or, in the alternative, allow Plaintiff a reasonable time to attempt to serve the individual Defendants. (See, gen., Id.). Most notably for purposes of the present motion, Defendants also submitted the Affidavit of their counsel, Robert B. Roche, [Docket No. 37], in which Attorney Roche averred that he had then recently been authorized by Defendant Brommerich, Defendant Frerichs, Defendant Renteria, and Defendant Whipps to accept service on their behalf. (Id. at 1). Attorney Roche further averred, however, that he had not been authorized by Defendant Sontoya to accept service on his behalf. (Id. at 1-2).

On August 2, 2015, Plaintiff submitted returns of service indicating that U.S. Marshals had served Defendant Brommerich, Defendant Frerichs, Defendant Renteria, and Defendant Whipps by leaving a summons and a copy of the Amended Complaint with Attorney Roche. (Summonses Returned Executed, [Docket No. 45]; Summons Returned Unexecuted, [Docket No. 46]).

On August 3, 2015, Defendant Ramsey County, Defendant Brommerich, Defendant Frerichs, Defendant Renteria, and Defendant Whipps filed an Answer, [Docket No. 44], to Plaintiff's Amended Complaint.

## II. DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION, [Docket No. 26].

As initially drafted, Defendants' motion asked the Court for an Order dismissing the case against all of the individual Defendants for lack of personal jurisdiction on account of Plaintiff's alleged failure to serve process on the individual Defendants or, in the event that the Court concluded that Plaintiff had sufficiently served the individual Defendants, to construe the April 22, 2015, Answer filed by Defendant Ramsey County, Defendant Frerichs, Defendant Sontoya, and Defendant Whipps as the Answer for all of the Individual Defendants. In his Response, Plaintiff asked the Court to grant him an extension of time to serve the Individual Defendants.  In their Reply, the Defendants continued to argue that the Court should dismiss Plaintiff's claims against the individual Defendants for lack of service, but for the first time Defendants themselves requested, in the alternative, that the Court allow Plaintiff an additional reasonable amount of time to serve the individual Defendants.

Before the Court addresses the merits of the motion to dismiss, the Court must address an issue not raised by the parties, the legal effect of Plaintiff's filing of an Amended Complaint.  "It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005).  Accordingly, the failure to re-allege in an amended complaint a claim alleged in the superseded complaint renders that claim abandoned. See, e.g., Green v. Ramsey, No. 14-CV-4856 SRN/LIB, 2015 WL 5672990, at *6 n.5 (D. Minn. Sept. 24, 2015) (deeming plaintiff to have abandoned claim not re-alleged in amended complaint); Washington

Gas Light Co. v. Prince George's Cty. Council Sitting as Dist. Council, 784 F. Supp. 2d 565, 571

(D. Md. 2011) (citing Young v. City of Mount Ranier, 238 F.3d 567, 572–73 (4th Cir. 2001).

In the present case, Plaintiff's Amended Complaint alleged essentially the same facts as his original Complaint.  As such, the filing of the Amended Complaint does not affect the factual allegations supporting Plaintiff's claims.  However, Plaintiff did not in his Amended Complaint reallege all of the claims that he had raised in his original Complaint. In his original Complaint, Plaintiff alleged claims of Fourth and Eighth Amendment violations, as well as state law assault and battery claims against the individual Defendants.  Plaintiff also alleged a respondeat superior claim against Defendant Ramsey County, asserting that, as an employer, it was vicariously liable for the acts of its employees, the individual Defendants.  In his Amended Complaint, however, Plaintiff specifically alleges only that the individual Defendants violated his rights under the Fourth and Eighth Amendments. Accordingly, the Court recommends that Plaintiff be deemed to have abandoned his state law claims against the individual Defendants. On that same basis, the Court also recommends that Plaintiff be deemed to have abandoned his respondeat superior/vicarious liability claim against Defendant Ramsey County.

Having determined that Plaintiff has by his Amended Complaint abandoned both his state law claims against the individual Defendants and his separate, respondeat superior claim against Defendant Ramsey County, the Court turns to the merits of the motion to dismiss for lack of personal jurisdiction.

A.      Standard of Review

In pertinent part, Federal Rules of Civil Procedure Rule 4 requires that "[a] summons must be served with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1).  An individual may be served personally, Fed. R. Civ. P. 4(e)(2)(A); by leaving a copy of the summons and complaint

at the person's residence with a suitable person who resides there, Fed. R. Civ. P. 4(e)(2)(B); by

delivering the summons and complaint to an agent lawfully authorized to receive them, Fed. R.

Civ. P. 4(e)(2)(C); or by a method approved under state law in the state where the district court is

located or where the party is served, Fed. R. Civ. P 4(e)(1).

The version of Federal Rules of Civil Procedure Rule 4(m) that was in place when

Plaintiff attempted to perfect service on the Defendants provided:

> If a defendant is not served within 120 days after the complaint is filed, the court -
> - on motion or on its own after notice to the plaintiff -- must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time. But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

"If a defendant is improperly served, a federal court lacks jurisdiction over the

defendant." Printed Media Servs., Inc. v. Solna Web, Inc., 11 F.3d 838, 843 (8th Cir. 1993).

"The mere fact that a defendant has received actual notice the pending action is not sufficient to

if there has not been compliance with the plain requirements of Rule 4." Baden v. Craig-Hallum,

Inc., 115 F.R.D. 582, 586 n. 4 (D. Minn. 1987) (citations omitted); see also Adams v. Allied

Signal Gen Avionics, 74 F.3d 882, 886 (5th Cir. 1996) ("And if [a defendant] was improperly

served, the district court lacked jurisdiction over that defendant whether or not it had actual

notice of the lawsuit." (citing Printed Media Servs, 11 F. 3d at 843)).

### B.      Analysis

Defendants' motion as originally filed asks the Court to dismiss the claims against all of

the five individual Defendants for lack of personal jurisdiction due to insufficient service of

process. Defendants asserted that Plaintiff's initial attempts at service, through a U.S. Marshal

who had left copies of the summons and the Amended Complaint for each of the five individual

Defendants at the Ramsey County Adult Detention Center, were insufficient.

CASE 0:15-cv-00059-DWF-KMM   Document 57   Filed 01/26/16   Page 8 of 12

1. <u>Subsequent Service on Defendant Brommerich, Defendant Whipps, Defendant Frerichs, and Defendant Renteria.</u>

The record presently before the Court is clear that, since Defendant's originally filed the present motion, Defendant Brommerich, Defendant Frerichs, Defendant Renteria, and Defendant Whipps authorized Defendants' attorney (Robert B. Roche) to accept service on their behalf and, pursuant to that authorization, Defendants' attorney has indeed accepted service on behalf of Defendant Brommerich, Defendant Frerichs, Defendant Renteria, and Defendant Whipps. Serving a defendant while that defendant's motion contesting the court's personal jurisdiction over the defendant for insufficient service is pending, renders moot the pending motion contesting personal jurisdiction for sufficiency of service. <u>Wong v. Bann-Cor Mortgage</u>, No. 10-1038-CV-W-FJG, 2011 WL 2314198, at *13 (W.D. Mo. June 9, 2011). Accordingly, to the extent Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, [Docket No. 26], pertains to Defendant Brommerich, Defendant Frerichs, Defendant Renteria, and Defendant Whipps, the Court recommends **DENYING** the motion as moot.

2. <u>Defendant Sontoya</u>

Unlike Defendant Brommerich, Defendant Frerichs, Defendant Renteria, and Defendant Whipps, there is no indication in the present record that Defendant Sontoya authorized Defendants' counsel (Robert B. Roche) to accept service on his behalf or that Defendants' counsel ever subsequently accepted service on Defendant Sontoya's behalf. Accordingly, the only evidence in the record presently before the Court regarding Plaintiff's attempts to serve Defendant Sontoya consists of Plaintiff's attempt to serve Defendant Sontoya by having a U.S. Marshal leave a copy of the summons and the Amended Complaint at the Ramsey County Adult Detention Center. The evidence in the record presently before the Court indicates that, at the

time that the summons and a copy of the Amended Complaint for Defendant Sontoya were left at the Ramsey County Adult Defendant Center, Defendant Sontoya was no longer employed there.

Neither the Federal Rules of Civil Procedure (nor the Minnesota Rules of Civil Procedure) provide for service on an individual by leaving the summons and complaint with another person at the defendant's former workplace. See Fed.R.Civ.P. 4(e)(2); Minn. R. Civ. P. 4.03(a). Accordingly, Plaintiff has failed to properly effect service of process on Defendant Sontoya. Because Plaintiff failed to properly serve Defendant Sontoya, this Court indeed lacks personal jurisdiction over that Defendant. Adams, 74 F.3d at 885.

It has now been well more than 120 days since Plaintiff's was granted leave to proceed in forma pauperis and Defendant Sontoya has not yet been served. Accordingly, the version of Rule 4(m) in effect at the time that Plaintiff filed this case requires the Court to either dismiss this action as to Defendant Sontoya or order that service be accomplished within a specific time. That version of Rule 4(m) also provided that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. Thus, the Court must determine whether Plaintiff has shown good cause for a further extension of time to serve Defendant Sontoya. Hustad v. Mitsubishi Heavy Indus. Am., Inc., No. CIV.03-6484 PAM/RLE, 2005 WL 348298, at *2 (D. Minn. Feb. 10, 2005) ("[T]he Court must determine whether [the plaintiff] has demonstrated good cause for his failure to serve within the prescribed period"). If he has, then Rule 4(m) requires that this Court grant him an extension; if he has not, then the Court may either grant Plaintiff a discretionary extension of time, or may dismiss Plaintiff's claims against Defendant Sontoya without prejudice. See Adams, 74 F.3d at 887 ("under Rule 4(m), if the district court concludes there is good cause for plaintiff's failure to serve within 120 days, it *shall* extend the time for service. If plaintiff fails to show good cause, the court still *may*

extend the time for service rather than dismiss the case without prejudice" (emphasis in original)).

"Rule 4(m) does not define good cause, and courts have not given conclusive meaning to the phrase." Kurka v. Iowa County, 628 F.3d 953, 957 (8th Cir. 2010) (citations omitted). "There is no comprehensive definition of what constitutes good cause sufficient to warrant a mandatory extension under Rule 4(m)." Colasante v. Wells Fargo Corp., 81 F. App'x 611, 613 (8th Cir. 2003). Rather, whether good cause is present is largely dependent upon the facts of each individual case. Kurka, 628 F.3d at 957 (quoting Colasante, 81 F. App'x at 613). Nevertheless, the Eighth Circuit and this District have repeatedly held that "[a] showing of good cause requires at least 'excusable neglect'—good faith and some reasonable basis for noncompliance with the rules." Id. (quoting Adams, 74 F.3d at 887); see also Favors v. Hoover, No. 13–cv–428 (JRT/LIB), 2013 WL 6511851, at *7 (D. Minn. Dec. 12, 2013); Hustad, 2005 WL 348298, at *4. In addition, a court should consider "whether the plaintiff has made diligent and reasonable efforts to effect service." Campbell v. Wilhite, 2007 U.S. Dist. LEXIS 80701, at *4, 2007 WL 3235097 (E.D .Mo. Oct. 31, 2007) (citing Habib v. General Motors Corp., 15 F.3d 72, 74 (6th Cir. 1994)).

In the present case, Plaintiff has not demonstrated such "excusable neglect." This is not the first time that Plaintiff has attempted to bring the present cause of action before the District Court. In a previous attempt, Plaintiff similarly attempted to serve the same individual Defendants by having summonses and copies of the complaint in that case also simply left at the workplace of the individual Defendants. See Haggins v. Ramsey Cty., No. CIV. 12-3147 DWF/LIB, 2014 WL 772600, at *9 (D. Minn. Feb. 25, 2014). As in that previous case, in which the Court concluded that Plaintiff had failed to show good cause to extend the time to serve the

individual Defendants, here Plaintiff has provided the U.S. Marshals only with an employment address for Defendant Sontoya (an address of a former employer at that).  See Id.

The Court also concludes that Plaintiff has not been personally diligent in attempting to serve Defendant Sontoya. Since attempting to serve Defendant Sontoya at the address of a former employer, Plaintiff has attempted to get others to provide him with Defendant Sontoya's home address. (See Motion for Discovery, [Docket No. 6]; Motion to Compel Discovery, [Docket No. 20]).  However, it is a plaintiff's responsibility to provide a proper address to effect service of process.  See, e.g., Lee v. Armontrout, 991 F.2d 487, 489 (8th Cir.1993) ("While in forma pauperis plaintiffs should not be penalized for a marshal's failure to obtain proper service, it was [the plaintiff]'s responsibility to provide proper addresses for service on [the defendants].").

The Court concludes that Plaintiff has failed to show good cause why this Court should further extend the deadline for him to serve Defendant Sontoya in this case. In addition, as Plaintiff has, in effect, already had significant additional time to attempt to affect proper service while the present motion has been pending, the Court will not likewise exercise its discretion to extend the deadline for him to serve Defendant Sontoya. Accordingly, the undersigned recommends **GRANTING** Defendant's Motion to Dismiss for Lack of Jurisdiction, [Docket No. 26], to the extent that the motion pertains to Plaintiff's claims against Defendant Sontoya and that Plaintiff's claims against Defendant Sontoya be **DISMISSED without prejudice** for failure to timely serve Defendant Sontoya, as required by Fed.R.Civ.P. 4(m).

## III.    CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

11

1. That Defendant's Motion to Dismiss for Lack of Jurisdiction, [Docket No. 26], be **GRANTED in part** and **DENIED in part**, as set forth above; and,

2. That Plaintiff's claims against Defendant Sontoya be **DISMISSED without prejudice**.

Dated: January 26, 2016

s/Leo I. Brisbois
The Honorable Leo I. Brisbois
United States Magistrate Judge

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]"  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.