UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DeJuan Haywood Haggins, | Case No. 0:15-cv-00059-DWF-KMM |
| Plaintiff, | |
| v. | |
| Ramsey County; Scott Brommerich, *Ramsey County Corrections Officer*; C.O. Whipps, *Ramsey County Corrections Officer*; C.O. Reniteria, *Ramsey County Corrections Officer*; and C.O. Frerichs, *Ramsey County Corrections Officers*; | REPORT AND RECOMMENDATION |
| Defendants. | |

DeJuan Haywood Haggins, 14800-041, USP Coleman II, U.S. Penitentiary, P.O. Box 1034, Coleman, FL 33521

Robert B. Roche and C. David Dietz, Ramsey County Attorney's Office, 121 Seventh Place East, Ste. 4500, St. Paul, MN 55101, counsel for defendants

The Defendants have filed a Motion to Dismiss as Discovery Sanction. ECF No. 99. Specifically, the Defendants argue that dismissal is an appropriate sanction because Mr. Haggins has failed to comply with his discovery obligations and with an Order of this Court compelling him to do so. Defs.' Mem. at 1, ECF No. 100. Mr. Haggins responds: (1) that he has fully cooperated with the discovery process; (2) that he is unable to comply with certain discovery requests the Defendants have made; and (3) that the breadth of the discovery requested was a ploy designed by the Defendants to engineer a sanctions motion. Pl.'s Resp. at 1-5, ECF No. 105.

Based on the parties' written arguments and all the proceedings in this litigation, the Court recommends that the Defendants' Motion to Dismiss be denied

1

without prejudice. If the District Court agrees with this course of action, this Court also recommends modification of the scheduling order.

## RELEVANT PROCEDURAL HISTORY

Mr. Haggins is currently an inmate at the United States Penitentiary in Terre Haute, Indiana. At the time of the events at issue in this lawsuit, he was awaiting a court appearance as a detainee at a Ramsey County correctional facility, where the Defendants work as correctional officers. Mr. Haggins asserts that on February 9, 2009, the Defendants brutally assaulted him, beating him and choking him until he was unconscious. *See* Am. Compl., ECF No. 5.

Mr. Haggins originally filed his pro se complaint on January 12, 2015, ECF No. 1, and he was granted IFP status on February 17, 2015, ECF No. 8. Mr. Haggins had some difficulty achieving service through the U.S. Marshals. In July 2015, the Defendants moved to dismiss the complaint without prejudice because they were not appropriately served, *see* ECF No. 27, though defense counsel was ultimately authorized to accept service on behalf of all but one of the original Defendants, *see* ECF No. 37. On March 15, 2016, the District Court dismissed the claims against one Defendant for insufficient service and allowed the other claims to proceed. ECF No. 64.

The Court issued a Scheduling Order on March 31, 2016, giving the parties until November 1, 2016 to complete discovery and until January 1, 2017 to file any dispositive motions. ECF No. 68. The January 1, 2017 deadline passed without any dispositive motion being filed, and the Court sought a status update from the parties. ECF No. 80. Though Mr. Haggins asserted that he was ready for trial and would welcome an opportunity to mediate the dispute, ECF No. 81, the Defendants sought an extension of the schedule to engage in pretrial discovery and to file a dispositive motion, ECF No. 82. The Defendants explained that extra time was needed because Mr. Haggins is a federal prisoner and his relocation to different federal facilities had made it difficult to communicate with him in a timely manner. ECF No. 82. In

addition, the Defendants informed the Court that the paralegal and initial attorney assigned to the case unexpectedly left the Ramsey County Attorney's Office after this case was filed, which resulted in delays in getting new counsel up to speed on the litigation. *Id.* Based on the showing of good cause in the Defendants' status report, the Court extended the deadlines in an Amended Scheduling Order, giving the parties until April 3, 2017 to complete fact discovery and May 1, 2017 to file a dispositive motion. ECF No. 83. The Court later extended the discovery cutoff to July 5, 2017 and the dispositive motion deadline to August 1, 2017. ECF No. 98.

On February 9, 2017, the Defendants served interrogatories and requests for production of documents. *See* First Roche Aff. ¶ 3, ECF No. 88. Mr. Haggins did not respond to the discovery requests in a timely manner, but informed the Defendants on March 30, 2017 that he was still working on responses. *Id.* The following day, the Defendants filed a motion to compel discovery, for the entry of a protective order, and to further revise the schedule. ECF No. 86. This Court found that Mr. Haggins had improperly refused to respond to interrogatories and document requests. 5/9/2017 Discovery Order at 2, ECF No. 91. The Court ordered Mr. Haggins to respond to the written discovery requests by May 26, 2017. *Id.* at 3 ¶ 3.

In response to the Court's Order granting the Defendants' motion to compel, Mr. Haggins sent the Defendants responses to their interrogatories. Defs.' Mem., Ex. B, ECF No. 103. He objected to several of the interrogatories and provided no substantive response to those requests. He also gave no response at all to the Defendants' request for production of documents. *Id.* In their pending motion, the Defendants argue that Mr. Haggins willfully failed to comply with his obligations to respond to discovery and this Court's discovery order.

## DISCUSSION

### I. Legal Standards

Rule 37 of the Federal Rules of Civil Procedure provides courts with broad discretion to impose sanctions for failing to comply with a court's discovery order.

3

Fed. R. Civ. P. 37(b)(2). Rule 37(b) requires that any sanction imposed be "just and that it be specifically related to the claim at issue in the discovery order." *Gleghorn v. Melton*, 195 Fed. App'x 535 (8th Cir. 2006) (per curiam). In any event, "the 'choice of sanction should be guided by the concept of proportionality.'" *Moore v. Napolitano*, 723 F. Supp. 2d 167, 179 (D.D.C. 2010) (quoting *Bonds v. Dist. of Columbia*, 93 F.3d 801, 808 (D.C. Cir. 1996)). In imposing any sanction "[t]he court must balance the goals of enforcing the process of discovery and ensuring adherence to policy aims of discovery with the right of a party to have its case heard on the merits." *Card Tech. Corp. v. DataCard Inc.*, 249 F.R.D. 567, 571 (D. Minn. 2008).

Rule 37(b) includes a non-exclusive list of sanctions courts can impose when a party fails to obey an order requiring it to provide discovery. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Among the options listed is "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Because dismissal is "an extreme result," such a sanction is permissible only in narrow circumstances. *Schubert v. Pfizer, Inc.*, 459 F. App'x 568, 572 (8th Cir. 2012). Dismissal can only be considered if there is: "(1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party." *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000). Additionally, before dismissing a case under Rule 37(b)(2), the Court must investigate "whether a sanction less extreme than dismissal would suffice, unless the party's failure was deliberate or in bad faith." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992); *see also Bergstrom v. Frascone*, 744 F.3d 571, 576 (8th Cir. 2014) (indicating district courts must consider lesser sanctions if there is no finding of bad faith in the record).

## II. Analysis

For the reasons that follow, the Court concludes that: (1) there is an order compelling discovery; (2) Mr. Haggins violated that order; and (3) Mr. Haggins' violation of the order was "willful." Although the Court also concludes that the Defendants have been prejudiced by Mr. Haggins' willful violation, the Court can alleviate that prejudice through an extension of deadlines. Accordingly, the Court

4

recommends that the Defendants' motion be denied and that the District Court enter an order further extending certain deadlines.

### *Order Compelling Discovery*

On May 9, 2017, the Court entered an Order compelling Mr. Haggins to respond to the Defendants' written discovery. 5/9/2017 Discovery Order. The first prerequisite for the imposition of a dismissal sanction—an order compelling discovery—is satisfied. *See Keefer*, 238 F.3d at 940 (requiring "an order compelling discovery" prior to entry of dismissal as a sanction).

### *Violation of Order Compelling Discovery*

The Court also finds that Mr. Haggins violated the May 9, 2017 Discovery Order. Mr. Haggins provided no response to the Defendants' request for production of documents, and in his response to the motion to dismiss, he does not explain or attempt to justify that failure. *See* Pl.'s Resp. This directly contravened the Discovery Order, which instructed Mr. Haggins to respond to the Defendants' document requests. 5/9/2017 Discovery Order at 3 ¶ 3.

Mr. Haggins also violated the Discovery Order by failing to fully respond to the Defendants' interrogatories. Mr. Haggins did make an effort to answer some of the interrogatories, but he objected to several questions because they are allegedly irrelevant or "too wide in scope," or because the Defendants already have information. To those interrogatories, Mr. Haggins provided no substantive response.[1] *See* Defs.' Mem., Ex. B. The Discovery Order required Mr. Haggins to respond to the interrogatories without limitation. 5/9/2017 Discovery Order at 3 ¶ 3 (instructing plaintiff to "respond to Defendant's Interrogatories"). A plaintiff who

---

[1] Of course, by the time Mr. Haggins lodged his objections to the Defendants' interrogatories, he had forfeited his right to object. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.").

5

provides incomplete responses and fails to produce documents after a district court grants defendants' motion to compel discovery has violated an order compelling discovery. *See Gleghorn v. Melton*, 195 Fed. App'x 535 (8th Cir. 2006) (per curiam) (upholding the district court's conclusion that the plaintiff failed to comply with a court order compelling discovery, but remanding to the district court because the record did not reflect consideration of lesser sanctions).

### *Willful Violation*

The record before the Court also supports a finding of willfulness. Mr. Haggins plainly ignored his obligation to respond to discovery in the first instance, and after the Defendants filed a motion to compel, the Court compelled him to answer the interrogatories and document requests. He made no effort to respond to the document requests at all and has provided no excuse.[2] Mr. Haggins only answered a portion of the Defendants' interrogatories, and objected to and refused to answer the rest. These actions constitute a deliberate failure to comply with the Discovery Order.

Mr. Haggins' response to the pending motion to dismiss further illustrates that his failure to comply was deliberate. In responses to interrogatories he was ordered to answer, Mr. Haggins asserted that the requests were inappropriately broad. Pl.'s Resp. at 2-3. He thereby made a conscious choice to follow the Discovery Order only to the extent he believed the discovery was reasonable. His only other resistance to the pending motion to dismiss is based on unsupported allegations that counsel for the Defendants deliberately crafted the discovery to engineer non-compliance with the

---

[2] It is entirely possible, given the rules setting limits on the number of items a federal inmate may possess in his cell, that Mr. Haggins has very few, if any, documents relevant to this litigation to produce himself. If Mr. Haggins believes that he has no documents in his possession, custody, or control that he could produce in response to the Defendants' document requests, he must state as much in written responses to each of those requests. However, providing such an answer will necessarily preclude Mr. Haggins from relying on any undisclosed documents to support his claims.

6

Discovery Order. *Id.* at 4. This also demonstrates a deliberate decision to comply with the Discovery Order only to the extent Mr. Haggins deemed appropriate.

In finding that Mr. Haggins acted willfully, the Court has looked to other decisions. Some cases involve more egregious conduct, such as evidence that a party destroyed discoverable information, but are nonetheless instructive. *See Keefer*, 238 F.3d at 941 (affirming dismissal where the plaintiff admitted obliterating golf tee times from the calendar and failed make a good-faith effort to reconstruct entries as required by court order); *see also Schubert v. Pfizer, Inc.*, 459 Fed. App'x 568, 572-73 (8th Cir. 2012) (affirming dismissal sanction where plaintiff repeatedly failed to comply with discovery orders and destroyed evidence). Other cases involve multiple violations of discovery orders, which are not present here. *See, e.g., Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 722-23 (8th Cir. 2010) ("The district court provided plaintiffs with numerous opportunities to comply with its discovery orders."); *Lorin Corp. v. Goto & Co., Ltd.*, 700 F.2d 1202, 1208 (8th Cir.1983) (affirming the district court's dismissal sanction for failure to comply with a discovery order where the plaintiff "repeatedly failed to respond to discovery requests on time, even after [defendant] agreed to extensions," then failed to comply with a discovery order, and failed to appear at a hearing on a second motion to compel). The Eighth Circuit has also affirmed findings of willfulness where even pro se plaintiffs have disobeyed a single order compelling production of discovery. *See Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983); *see also Beck v. Fabian*, 250 Fed. App'x 754 (8th Cir. 2007) (per curiam) ("The uncontroverted facts show that Beck willfully refused to comply with a court order to compel discovery. . . . In addition, Beck's disparaging remarks about defendants' counsel and the magistrate judge tended to demonstrate willful misconduct and bad faith."). In light of this precedent and Mr. Haggins' deliberate non-compliance with the Discovery Order, the Court finds that his violation was willful.

### *Prejudice and Lesser Sanctions*

"In the context of Rule 37(b)(2) motions 'prejudice' exists if the failure to make discovery impairs the opponent's ability to determine the factual merits of the party's

7

claim." *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 559 (8th Cir. 1992). There is no question that Mr. Haggins' failure to comply with the Discovery Order has impaired the Defendants' ability to determine the factual merits of Mr. Haggins' claim. The defendants have sought routine discovery so they can investigate their anticipated defenses and probe the factual underpinning of Mr. Haggins' allegations. Without such information (or a statement from Mr. Haggins that no such information exists), it is difficult to see how the Defendants can prepare for any trial in this matter. The Defendants are entitled to receive information from Mr. Haggins relevant to his claims and their defenses and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Discovery is now closed and the dispositive motion deadline has again passed. *See* ECF No. 98. As a result, the Defendants have no current means of obtaining additional discovery responses from Mr. Haggins so that they can prepare this case for a decision on the merits.

In determining whether dismissal is an appropriate sanction, the Court must also "be guided by the concept of proportionality.'" *Moore*, 723 F. Supp. 2d at 179. The most logical lesser sanction fitting the violation of the Discovery Order would preclude Mr. Haggins from supporting claims or from introducing matters in evidence that are contemplated by the Defendants' written discovery. *See* Fed. R. Civ. P. 37(b)(2)(ii). However, such a sanction would function the same as an order of dismissal because it would prohibit Mr. Haggins from supporting his claims at summary judgment or at trial. Further, it would likely be futile to hold Mr. Haggins in contempt or to require him to pay attorneys' fees and costs as he is currently incarcerated and proceeding in forma pauperis. *See* ECF No. 8; Fed. R. Civ. P. 37(b)(2)(A)(vii), 37(b)(2)(C). Other lesser sanctions contemplated under Rule 37(b) do not readily fit the circumstances here.

Though the record supports a finding of prejudice, this Court concludes that a more restrained approach than dismissing Mr. Haggins' case is appropriate at this time. If Mr. Haggins' compliance with his discovery obligations can be secured, an extension of the relevant deadlines would alleviate the prejudice the Defendants face

8

and allow a decision to be made on the merits. Ordinarily the Court would be loath to grant an extension in a case that is already two and a half years old. Mr. Haggins is responsible for some of that delay because he failed to provide discovery responses and disobeyed the Discovery Order. However, significant periods of the delay in getting this case started—the time spent getting the complaint served and deciding a pre-answer motion to dismiss for insufficient service of process, for example—cannot reasonably be attributed to Mr. Haggins. In addition, the Court is not unsympathetic to the difficulties Mr. Haggins faces in remembering the information that may be responsive to the Defendants' requests.

Meanwhile the Defendants themselves bear some of the blame for this case failing to progress more expeditiously than it has. The Defendants stated that the departure of the attorney and paralegal from the Ramsey County Attorney's Office caused some delay because new staff had to be brought up to speed on the litigation. ECF No. 82 at 2. And it also appears that the Defendants did not serve any discovery requests at all until February 2017, after the first discovery deadline had long passed and been amended only at the Court's prompting. This suggests that the Defendants were inactive in this litigation for several months following entry of the initial scheduling order in March 2016. The record supports a conclusion that this was only a mistake, and mistakes happen in litigation. But that mistake cuts against the Defendants' argument that this case should now be dismissed because Mr. Haggins' failure to comply with a Court order has prejudiced them. Under these circumstances, the Court finds that an extension of the deadlines and a chance for a merits decision is preferable.

In addition, the Court notes that it has not previously cautioned Mr. Haggins in this case that a failure to comply with a discovery order could lead to the imposition of a dismissal sanction. Certainly, such an admonition is not required prior to the entry of a dismissal sanction for failure to comply with Court orders. *Cf. Rodgers v. Curators of Univ. of Mo.*, 135 F.3d 1216, 1221 (8th Cir. 1998) (providing that "while a warning from the district court that a particular litigant is skating on the thin ice of

9

dismissal is encouraged," it is not a prerequisite to dismissal for failure to prosecute or comply with court orders under Fed. R. Civ. P. 41(b)). As the Defendants point out, Mr. Haggins has been cautioned about that very possibility in other litigation he has been a party to in this District. *See* Defs.' Mem. at 13. Though such a warning in another case involving the same plaintiff is relevant to the Court's consideration, given the overwhelming preference for having cases decided on their merits where possible, the Court finds that any previous admonishment is not sufficiently compelling to recommend dismissal here. Certainly, if this case is allowed to proceed Mr. Haggins has now received a warning that this case will be dismissed if he fails to further comply with discovery.

### *Conclusion*

For the foregoing reasons, the Court concludes that the best course of action in this case is to deny the Defendants' motion to dismiss as a discovery sanction without prejudice and extend the deadlines to allow Mr. Haggins one last opportunity to comply with his discovery obligations. Other courts within this District have denied motions for discovery sanctions in cases with similar facts prior to concluding that dismissal is appropriate. *See Hannon v. Reid*, No. 0:12-cv-01008 (PJS/AJB), Doc. No. 100 at 3 (D. Minn. July 18, 2013) (dismissal order noting that the magistrate judge previously denied a defendant's motion for sanctions and gave the plaintiff "one additional opportunity to comply before imposing sanctions"). Should Mr. Haggins fail to provide answers to all of the Defendants' interrogatories and responses to all of their document requests, the Court would invite the Defendants' to file another motion to compel or renew their motion for discovery sanctions.

If the District Court agrees with the recommendation that the pending motion to dismiss be denied without prejudice, the Court further recommends that any order adopting this report and recommendation include new deadlines for the completion of fact discovery, filing of non-dispositive and dispositive motions, and trial.

# RECOMMENDATION

Based on the foregoing, the Court makes the following recommendations.

1. The Defendants' Motion to Dismiss As Discovery Sanction, ECF No. 99, should be **DENIED WITHOUT PREJUDICE**.

2. The schedule should be amended as set forth in the following paragraphs.

    a. The Defendants should be granted a short extension of the discovery deadlines so that they can receive answers to their interrogatories and document requests, as provided for in subparagraph (e) below, and complete any appropriate follow-up discovery. Any such additional discovery by the Defendants should be commenced in time to be completed within three months of the date of any such order.

    b. Non-dispositive motions should be served and filed by the same date as the close of fact discovery.

    c. Dispositive motions should be served and filed within two months after the close of fact discovery.

    d. The case should be ready for trial four months after the dispositive motion deadline.

    e. Within 21 days of receiving any such order, Mr. Haggins should be required to fully respond to all of the Defendants' interrogatories and document requests to the best of his ability and recollection. Mr. Haggins should not be allowed to interpose objections to the written discovery that the Defendants have already served. Mr. Haggins should be further cautioned that his failure to completely respond to the Defendants' written discovery requests will result in dismissal of his case.

Date: August 22, 2017                    *s/Katherine Menendez*
                                         Katherine Menendez
                                         United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.