# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

DeJuan Haywood Haggins,

    Plaintiff,

v.

Ramsey County; Scott Brommerich, *Ramsey County Corrections Officer*; C.O. Whipps, *Ramsey County Corrections Officer*; C.O. Reniteria, *Ramsey County Corrections Officer*; and C.O. Frerichs, *Ramsey County Corrections Officers*;

    Defendants.

Case No. 0:15-cv-00059-DWF-KMM

**REPORT AND RECOMMENDATION**

---

DeJuan Haywood Haggins, 14800-041, USP Terre Haute, U.S. Penitentiary, P.O. Box 33, Terre Haute, IN 47808

Robert B. Roche and C. David Dietz, Ramsey County Attorney's Office, 121 Seventh Place East, Ste. 4500, St. Paul, MN 55101, counsel for defendants

---

On September 12, 2017, the District Court denied the Defendants' first motion for dismissal as a discovery sanction be denied without prejudice, ordered Mr. Haggins to prepare and serve responses to the Defendants' written discovery within 21 days after receiving a copy of the Order, and warned Mr. Haggins that failure to completely respond to the Defendants' written discovery requests would result in dismissal of his case. Order, ECF No. 110.

On October 10, 2017, the Defendants filed a Second Motion to Dismiss as Discovery Sanction arguing that Mr. Haggins did not respond to their discovery requests in compliance with the September 12th Order. Defs.' Second Mot., ECF No. 111; Defs.' Mem., ECF No. 112. Defendants represent that Mr. Haggins sent

them a letter on September 29, 2017, asking for another copy of Defendants' discovery requests, but he still had not responded to the discovery requests after they sent him another copy on October 2nd. Aff. of Robert Roche (Oct. 10, 2017) ¶ 2, ECF No. 113.

Perhaps anticipating that the Defendants would make such a motion, on October 5, 2017, Mr. Haggins prepared a Declaration and drafted a letter to the undersigned explaining the reasons he has had difficulty meeting the 21-day deadline in the District Court's September 12, 2017 Order. Decl. of Dejuan Haggins (Oct. 5, 2017), ECF No. 115; Letter from Dejuan Haggins to Menendez, M.J. (Oct. 5, 2017), ECF No. 116. In Mr. Haggins explains that he does not have regular access to copies of the interrogatories and document requests for which a response is required because they are kept in a "property room" at the USP-Terre Haute facility where he is confined. Although he received a copy of the District Court's September 12, 2017 Order on September 18, 2017, he states that prison officials had not allowed him access to his property so that he could prepare a response to the discovery in time to meet the Court's 21-day deadline. Mr. Haggins reached out to Defendants' counsel to request an additional copy of the discovery be mailed to him, but as of October 5, 2017, he had not received a response. He also states that he will promptly prepare a response to the Defendants' discovery requests if he receives an additional copy.

The Defendants filed a letter on October 11, 2017, arguing that the Court should reject Mr. Haggins' position. Defs.' Letter, ECF No. 117. Having reviewed the parties' submissions and based on the entire history of this litigation, the Court concludes that the Defendants have not shown that dismissal is an appropriate sanction here.

First, the Defendants claim that Mr. Haggins is incorrect that they did not provide an additional copy of the discovery requests, which they sent on October 2, 2017. Defs.' Letter at 1. The Court finds this minute dispute insufficient to support dismissal. It is obvious that Mr. Haggins had simply not received the copy sent by the Defendants when he drafted his letter and declaration on October 5th. Perhaps the

Defendants did not account for the delay that it takes items to travel through the mail, particularly to a federal prisoner.

Defendants next assert that Mr. Haggins has already been provided multiple copies of their discovery requests over the course of this litigation, suggesting that the Court should disregard his statements that he has been unable to prepare a response within the period permitted by the September 12th Order. *See id.* at 1-2. However, the fact that Defendants have sent Mr. Haggins several copies of their discovery requests over the course of the litigation does not resolve the latest issue that has arisen, namely that he cannot access those previous copies. In fact, the record contains very little support for the Defendants' implicit suggestion that Mr. Haggins has willfully disobeyed the September 12th Order. Indeed, because he has not had access to any of his property for some period of time, it appears he could not have complied with the September 12th Order's 21-day deadline no matter how many copies of the discovery requests are in the property room at USP-Terre Haute. Defendants' argument does not even address this information provided by Mr. Haggins. Hopefully, by now, Mr. Haggins has been given access to the items in the property room at USP-Terre Haute and has begun or even finished preparing his answers.

The Defendants also assert that Mr. Haggins should not be given leniency because he is an "experienced litigant," and his case should be dismissed because it "has been dragging on for almost three years now because Plaintiff has refused to provide discovery." *Id.* at 2. The fact that Mr. Haggins has filed several cases over the course of the last thirteen years does nothing to establish that there has been any willful violation of the September 12th Order. And, as the Court has previously found, the lengthy delay in this case is not solely attributable to Mr. Haggins' failure to provide discovery. Indeed, though a scheduling order was initially entered in March 2016, the Defendants did not serve discovery until February 2017 because of a failure to account for handling of the file after a paralegal and attorney left the Ramsey County Attorney's Office.

Based on the foregoing, the Court finds that Mr. Haggins has demonstrated good cause for an extension of the 21-day deadline established by the District Court's September 12th Order. It remains the Court's goal to find a way, if possible, to have this case resolved on the merits rather than as a sanction for discovery violations. That said, Mr. Haggins is not in any way relieved of his obligation to provide, finally, answers to the Defendants' written discovery. If the Defendants can demonstrate that Mr. Haggins continues to willfully refuse to do so, a dispositive sanction may be in order. But at the moment any prejudice to the Defendants can be cured if Mr. Haggins can simply provide them with answers to discovery. Assuming that Mr. Haggins has, by now, received the Defendants' latest copy of discovery requests, he should be able to do so shortly.

For the reasons stated above, **IT IS HEREBY RECOMMENDED** that the Defendants' Second Motion to Dismiss as Discovery Sanction, **ECF No. 111**, be **DENIED WITHOUT PREJUDICE**. By separate Order, the Court has set also a revised schedule.

Date: October 23, 2017                     *s/Katherine Menendez*
                                            Katherine Menendez
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.

5

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.